IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SISTER KATE REID and MEGAN HEENEY as Next Friends of Y.V.R.V. and A.F.R.V., <br><br>        Plaintiffs, <br><br> v. <br><br><br> DOE RUN RESOURCES CORPORATION, <br> a New York corporation, <br> Serve:     C T Corporation System <br>           120 South Central Avenue <br>           Clayton, MO 63105 <br><br>     and <br><br> D.R. ACQUISITION CORP., <br> a Missouri corporation, <br> Serve:     C T Corporation System <br>           120 South Central Avenue <br>           Clayton, MO 63105 <br><br>     and <br><br> MARVIN K. KAISER <br> Serve:     10 N. Kingshighway, <br>           Apt. 10C <br>           St. Louis, MO 63108 <br><br>     and <br><br> ALBERT BRUCE NEIL <br> Serve:     129 E. Clinton Place <br>           Apt. 2D <br>           Kirkwood, MO 63122 <br><br>     and <br><br> JEFFERY L. ZELMS <br> Serve:     406 N. Point Dr. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 0822-CC09760 <br><br> Division No. 1 <br><br> JURY TRIAL DEMANDED |

Camdenton, MO 65020 )
)
   and )
)
THEODORE P. FOX III )
Serve:  49 Pacland Estates Drive )
    Chesterfield, MO 63005 )
)
   and )
)
DANIEL L. VORNBERG )
Serve:  556 Purdue Ave. )
    University City, MO 63130 )
)
   and )
)
THE RENCO GROUP, INC. )
Serve:  30 Rockefeller Plaza )
    42nd Floor )
    Suite 4225 )
    New York, New York, 10112 )
)
   and )
)
RENCO HOLDINGS, INC., )
a New York corporation, )
Serve:  30 Rockefeller Plaza )
    42nd Floor )
    Suite 4225 )
    New York, New York, 10112 )
)
   and )
)
IRA L. RENNERT, )
)
Serve:  30 Rockefeller Plaza )
    42nd Floor )
    Suite 4225 )
    New York, New York, 10112 )
)
   Defendants. )
)
)
)

2

**EXHIBIT "B" TO NOTICE OF REMOVAL**

## PETITION FOR DAMAGES - PERSONAL INJURY

COME NOW Plaintiffs, Sister Kate Reid and Megan Heeney as Next Friends of Y.V.R.V. and A.F.R.V., hereinafter "minor plaintiffs," and for their Petition against Defendants state:

1.     This is an action to seek recovery from Defendants for injuries, damages and losses suffered by each minor plaintiff named herein, who were minors at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the minor plaintiffs were exposed to damaging levels of lead and other toxic substances. Minor plaintiffs' damages and losses include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the cost of medical, educational, and rehabilitation expenses, and other expenses of training and assistance, and loss of earnings, income, and earning capacity.

### THE PLAINTIFFS

2.     Prior to filing the Petition, the Court entered an Order appointing Sister Kate Reid and Megan Heeney as Next Friends on behalf of the minor plaintiffs listed above for the purpose of prosecuting on their behalf, claims for damages as alleged herein. See Orders of Appointment, filed simultaneously herewith.

3.     Plaintiff Megan Heeney is and at all times relevant herein has been a resident of the City of Saint Louis, Missouri.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

4.     Plaintiff Sister Kate Reid is and at all times relevant herein has been a resident of the City of University City, Missouri.

## THE DEFENDANTS

5.     Defendant The Doe Run Resources Corporation ("Doe Run") is and at all times relevant herein was a New York corporation with its principal place of business in Missouri. At all times relevant hereto, Defendant Doe Run owned, operated, used, managed, supervised, stored, maintained, and/or controlled the properties and the waste on such properties which contained and stored materials containing lead and other toxic substances released from the La Oroya metallurgical complex (hereinafter "the complex" or "Defendants' metallurgical complex").

6.     Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

7.     Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

8.     At all times relevant hereto, Defendant Doe Run owned and operated Doe Run Peru.

9.     Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

10.     Defendant Renco Holdings, Inc. and Defendant Renco Group, Inc. (collectively "Renco") are and at all times relevant herein were New York corporations with their principal places of business in New York. At all relevant times, Defendant Renco has been the owner of Defendant D.R. Acquisition Corp. and is the current owner of Doe Run Peru.

4

11.      Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all times relevant hereto, Defendant Rennert is and was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all the corporate defendants.

12.      Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

13.      Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

14.      Defendant Jeffery L. Zelms is a resident of the City of Camdenton, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately April 2006, Defendant Zelms was an officer and agent of Doe Run.

15.      Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

16.      Defendant Daniel L. Vornberg is a resident of the City of University City, State of Missouri.   At relevant times, Defendant Vornberg was an officer and agent of Doe Run.

## JURISDICTION AND VENUE

17.      Jurisdiction and venue are proper in this Court. The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment

**EXHIBIT "B" TO NOTICE OF REMOVAL**

in this state. Venue is proper pursuant to §508.010 RSMo because Plaintiff Megan Heeney and Defendant Marvin K. Kaiser are residents of the City of Saint Louis.

## ALLEGATIONS COMMON TO ALL COUNTS

18.    The minor plaintiffs lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

19.    A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population groups and especially for the most vulnerable groups such as infants and young children, including the minor plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 ug/Dl., which is the level considered to be dangerous and to cause permanent injuries.

20.    During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not

**EXHIBIT "B" TO NOTICE OF REMOVAL**

limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the minor plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to minor plaintiffs.

21. The air quality level is critical not only because the minor plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the minor plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

22. The health effects of lead poisoning are well known. Lead impacts nearly every organ and system of the human body and is not safe at any level. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death. It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia.

23. Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the minor plaintiffs.

24. The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen. Although suitable technologies and processes exist to

prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

## FURTHER IDENTIFICATION OF THE DEFENDANTS

25.     Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

26.     As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

27.     At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries.  Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

28.     Defendant Doe Run is the second largest total lead producer in the world and expects to report a profit of $125-150 million for the 2006 fiscal year. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

29.     Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant  and continue to do so in a way that negligently, carelessly and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and

8

other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and resulting in toxic exposure to minor plaintiffs.

30.    Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

31.    Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

32.    At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

33.    Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership.

9

As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya complex and related operations and facilities.

34.     Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which minor plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities because of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

35.     The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology would limit emissions, and policies including public relations policies and decisions regarding warnings given to minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

36. At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

37. As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## COUNT I

### (NEGLIGENCE- Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)

38. Plaintiffs repeat the allegations contained in Paragraphs 1 through 37 inclusive, and incorporate them by reference herein.

39. Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to minor

11

plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

40. Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri and/or New York, make decisions regarding expenditures, production practices, use of technology, and policies regarding the operation of the La Oroya metallurgical complex, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to minor plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn minor plaintiffs of the release of these toxic and harmful substances.

41. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri and/or New York and through their agents, owned, maintained, managed and/or used the La Oroya complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, resulting in toxic exposure to minor plaintiffs.

42. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri and/or New York and through their

12

agents, also negligently, carelessly, and recklessly failed and continue to fail to warn minor plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding Defendants' metallurgical complex and related operations and facilities, including the properties on which minor plaintiffs have in the past and/or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

43.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at Defendants' metallurgical complex and related operations and facilities would proximately cause damage to minor plaintiffs.

44.     As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

45.     The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri and/or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of minor plaintiffs, entitling minor plaintiffs to an award of punitive damages.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

(a)      an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)      for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)      for their costs and expenses;

(d)      for pre- and post-judgment interest as allowed by statute and law; and

(e)      for such further relief as the Court deems appropriate.

## COUNT II

**(CIVIL CONSPIRACY- Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

46.      Plaintiffs repeat the allegations contained in Paragraphs 1 through 45 inclusive, and incorporate them by reference herein.

47.      Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and is jointly and severally liable for the activities and toxic environmental releases from the operations of Defendants' metallurgical complex.

48.      Defendants agreed to a scheme by which, from the States of Missouri and/or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that

14

the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri and/or New York, Defendants control environmental expenditures, production practices, use of technology, and policies including public relations and decision-making policies. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

49.     One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to minor plaintiffs, in order to  avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, and/or stock options of the Defendants.

50.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at Defendants' metallurgical complex and related operations and facilities.

51.     As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with

**EXHIBIT "B" TO NOTICE OF REMOVAL**

the other Defendants and their agents, minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

52. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri and/or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of minor plaintiffs, entitling minor plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

(a) an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b) for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c) for their costs and expenses;

(d) for pre- and post-judgment interest as allowed by statute and law; and

(e) for such further relief as the Court deems appropriate.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

## COUNT III

## (ABSOLUTE or STRICT LIABILITY- Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)

53.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 52 and incorporate them by reference herein.

54.     The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at Defendants' metallurgical complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm.

55.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at Defendants' metallurgical complex and related facilities and operations.

56.     The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and/or through their agents, servants and employees at Defendants' properties, has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where minor plaintiffs have in

17

**EXHIBIT "B" TO NOTICE OF REMOVAL**

the past and/or continue to reside, use and visit, and/or were exposed, resulting in toxic exposure to minor plaintiffs.

57.    As a direct and proximate result of the releases from Defendants' properties, operations and facilities, minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

58.    The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri and/or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of minor plaintiffs, entitling minor plaintiffs to an award of punitive damages.

WHEREFORE Plaintiffs respectfully request judgment to be entered in their favor against Defendants jointly and severally for:

(a)    an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)    for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)    for their costs and expenses;

(d)    for pre- and post-judgment interest as allowed by statute and law; and

**EXHIBIT "B" TO NOTICE OF REMOVAL**

(e)      for such further relief as the Court deems appropriate.

<b>COUNT IV</b>

<b>(NEGLIGENCE- Defendants MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG, and IRA L. RENNERT)</b>

59.      Plaintiffs repeat the allegations contained in Paragraphs 1 through 58 inclusive, and incorporate them by reference herein.

60.      During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

61.      During times relevant herein, Defendant Neil was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Neil is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

<b>EXHIBIT "B" TO NOTICE OF REMOVAL</b>

62.     During times relevant herein, Defendant Zelms was President and Chief Executive Officer of the Doe Run Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Zelms is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

63.     During times relevant herein, Defendant Fox was Chief Financial Officer of the Doe Run Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

64.     During times relevant herein, Defendant Vornberg was Vice President, Environmental Affairs of the Doe Run Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Vornberg is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, including the acts and omissions of Defendants described herein and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

65.     At all times, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is

**EXHIBIT "B" TO NOTICE OF REMOVAL**

individually liable. This liability is in addition to and independent of any liability based on conspiracy.

66.     As officers of Defendant Doe Run Resources Corporation, Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert are liable to minor plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

67.     In particular, Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya complex and related operations and facilities. Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert had knowledge of the release of emissions from the La Oroya complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which minor plaintiffs have resided and/or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the Defendants' metallurgical complex and related operations and facilities.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

68.     As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

69.     The actions of Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert were outrageous due to Defendant's evil motive or reckless indifference to the rights of minor plaintiffs, entitling minor plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

(a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)     for their costs and expenses;

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

22

**EXHIBIT "B" TO NOTICE OF REMOVAL**

## COUNT V

### (CIVIL CONSPIRACY- Defendants MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG, and IRA L. RENNERT)

70.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 69 inclusive, and incorporate them by reference herein.

71.     At all relevant times, Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert were acting jointly and in conspiracy with each other and with the corporate Defendants. Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own.  Defendants control environmental expenditures, production practices, use of technology, and policies including public relations and decision-making policies. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates minor plaintiffs' legal rights.  This unjust use of control proximately caused the minor plaintiffs' injuries.

72.     Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert had and have an economic motive and personally benefited from the conspiracy.  The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya complex and related operations and facilities that Defendants knew were being released or transported to properties on which the minor plaintiffs have in the past and/or continue to reside, visit or use; and/or not to implement adequate pollution controls at Defendants' metallurgical

**EXHIBIT "B" TO NOTICE OF REMOVAL**

complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock and/or stock options of Doe Run as well as other Defendants.

73. One of the purposes of the conspiracy agreed upon between Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to minor plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, and/or stock options of the Defendants.

74. Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at Defendants' metallurgical complex and related operations and facilities.

75. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert together with the corporate Defendants, minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings,

**EXHIBIT "B" TO NOTICE OF REMOVAL**

income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

76.     The actions of Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert were outrageous due to Defendant's evil motive or reckless indifference to the rights of minor plaintiffs, entitling minor plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

(a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)     for their costs and expenses;

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

## COUNT VI

**(ABSOLUTE or STRICT LIABILITY- Defendant MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG, and IRA L. RENNERT)**

77.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 76 and incorporate them by reference herein.

78.     Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts

**EXHIBIT "B" TO NOTICE OF REMOVAL**

and omissions of Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at Defendants' metallurgical complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

79.     Defendants Kaiser, Neil, Zelms, Fox, Vornberg, and Rennert are thus strictly liable to minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at Defendants' metallurgical complex and related facilities and operations.

80.     The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, resulting in toxic exposure to minor plaintiffs.

81.     As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

26

88.     Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own.  Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to minor plaintiffs.  Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates minor plaintiffs' legal rights.  This unjust use of control proximately caused the minor plaintiffs' injuries.

89.     Each Defendant knew that the tortuous acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortuous acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, and/or stock options of the corporate Defendants.

90.     Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortuous acts alleged by agreeing, either expressly or tacitly, not to acknowledge, warn of, and/or properly control the toxic substances generated, handled, stored, released, and disposed of at Defendants' metallurgical complex and related operations and facilities.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

91.    As a result of the joint negligence of the Defendants herein alleged, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

92.    Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the minor plaintiffs.

WHEREFORE Plaintiffs respectfully request judgment to be entered in their favor against Defendants jointly and severally for:

(a)    an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)    for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)    for their costs and expenses;

(d)    for pre- and post-judgment interest as allowed by statute and law; and

(e)    for such further relief as the Court deems appropriate.

**EXHIBIT "B" TO NOTICE OF REMOVAL**

Respectfully submitted,

SCHLICHTER, BOGARD & DENTON

By: _____

JERRY SCHLICHTER #32225 (Mo. Bar No.)
ROGER C. DENTON  #30292  (Mo. Bar No.)
KRISTINE K. KRAFT  #37971 (Mo. Bar No.)
ELIZABETH M. WILKINS #61284 (Mo. Bar. No.)
100 South 4th Street, Suite 900
St. Louis, MO 63102
(314) 621-6115
(314) 621-7151 (fax)
jschlichter@uselaws.com
rdenton@uselaws.com
kkraft@uselaws.com

Of Counsel:

JAY HALPERN and ASSOCIATES, P.A.
JAY HALPERN Fla. Bar No. 260576
VICTOR CAREAGA Fla. Bar No. 624896
150 Alhambra Circle, Suite 1100
Coral Gables, Florida  33134
(305) 445-1111
(305) 445-1169 (fax)

**EXHIBIT "B" TO NOTICE OF REMOVAL**