UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SISTER KATE REID and MEGAN HEENEY as Next Friends of A.O.A., et al., K.G.C., et al., Y.V.R.V., et al., D.D.A.S., S.A.H., M.E.M., et al., W.Q.M., et al., J.P.I., R.H.P., et al., M.H., et al., and A.C.C.D., et al., | ) ) ) ) ) ) | Case Nos.  4:07-CV-00044CDP<br>4:07-CV-00045CDP<br>4:07-CV-00046CDP<br>4:07-CV-00047CDP<br>4:07-CV-00048CDP<br>4:07-CV-00049CDP |
| Plaintiffs, | ) ) | 4:07-CV-00050CDP<br>4:07-CV-00052CDP |
| v. | ) ) | 4:07-CV-00055CDP<br>4:07-CV-00056CDP |
| DOE RUN RESOURCES CORPORATION, et al., | ) ) | 4:07-CV-00059CDP |
| | ) | |
| Defendants. | ) | ~~JURY TRIAL DEMANDED~~ |

## TEMPORARY RESTRAINING ORDER

Having reviewed Plaintiffs' *Ex parte* Emergency Application for Temporary restraining Order Enjoining Defendants from Making Improper *Ex Parte* Contact with Plaintiffs, including the evidentiary and legal support submitted therewith, this Court grants Plaintiffs' Motion without prior written or oral notice to Defendants or their counsel, and makes the following findings and orders:

This Court finds that there is reasonable grounds for finding that Defendants or agents acting on their behalf have made improper threatening or coercive contact with Plaintiffs and/or similarly situated clients of Plaintiffs' counsel, as well as Plaintiffs' counsel's offices and staff in La Oroya, Peru.

The Court further finds that there is reasonable grounds for finding that Defendants or agents acting on their behalf have initiated efforts to privately confront Plaintiffs and/or similarly situated clients of Plaintiffs' counsel, *without the knowledge of Plaintiffs' counsel*, with various

1

propositions on the condition that Plaintiffs and/or the similarly situated clients agree to dismiss their claims in this lawsuit and discontinue their relationship with counsel in the pending litigation.

The Court further finds that there is reasonable grounds for finding that in certain cases, Doe Run has also offered a monetary payment to Plaintiffs and/or similarly situated clients, but again on the condition that Plaintiffs and/or the similarly situated clients not pursue their legal remedies in this case.

The Court further finds that absent the issuance of this Temporary Restraining order, Plaintiffs are likely to suffer or continue to suffer irreparable harm, which consists of, but may not be limited to, being subjected to threatening or coercive contacts or communications by Doe Run and/or its agents which will or may (a) threaten Plaintiffs' safety and well-being; (b) prevent Plaintiffs from exercising their legal rights and remedies in the pending litigation; (c) threaten the employment status of those family members of the Plaintiffs named in the pending litigation who are employed by Doe Run Peru; and/or (d) adversely affect the ability of those family members of the Plaintiffs named in the pending litigation, who are employed by Doe Run Peru, to provide for their families.

The Court further finds that Plaintiffs have satisfied the remaining elements necessary for the issuance of a Temporary Restraining Order; that the likelihood of harm to Plaintiffs outweighs any potential harm to Defendants, and that the issuance of a restraining order is in the public interest.

The Court further finds that the issuance of a Temporary Restraining Order, without prior written or oral notice to Defendants or their counsel, is warranted in this case in order to protect the interests of Plaintiffs who have been approached by Defendants and/or their agents and those

2

who might otherwise in the future be approached by Defendants and/or their agents, to dismiss their pending claims, from potential future harassment, undue influence, and/or intimidation. The Court further finds that the issuance of the instant Order without notice to Defendants or their counsel is warranted because the issuance of such an Order restraining such improper communications will not have a prejudicial effect on Defendants, whether or not such activities have occurred.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT

Defendants, including their representatives, agents, employees, and others who may be acting in concert and/or in participation with them, shall be immediately restrained and prohibited from the following activities:

(1) contacting or communicating with Plaintiffs or their families in any manner whatsoever which involves acts of threats, intimidation, aggression or coercion and/or to requesting or suggesting in any way that Plaintiffs either directly or indirectly forego their right to pursue claims against these defendants;

(2) contacting or communicating with Plaintiffs or their families in any manner whatsoever which relates to requesting or suggesting to Plaintiffs either directly or indirectly that they release or not pursue their claims in this lawsuit against Defendants;

(3) contacting or communicating with Plaintiffs regarding the subject matter of this lawsuit without consent of Plaintiffs' counsel; and

(4) coming within a 30 foot radius of Plaintiffs' counsel's office in LaOroya;

(5) coming within a 30 foot radius of the homes of Plaintiffs' counsel and staff that are located in LaOroya;  and

(6) contacting or communicating with Plaintiffs' counsel and staff in LaOroya in any manner whatsoever.

This Order was issued on 1\10\11 at 11:30 a.m. /p.m. and shall expire within ten (10) days, on January 24, 2011 or until such further time that the Court deems appropriate upon a finding of good cause.

IT IS FURTHER ORDERED THAT

(1) ~~Within seven (7) days of this Order, Defendants must inform the Court and Plaintiffs' counsel of all contacts made by Defendants and its agents since the filing of the instant lawsuit directly to Plaintiffs, including the names and job titles of each representative, employee, and/or agent who made such contacts, when such contacts were made, and the names of each Plaintiff contacted.~~

(1) The affidavits of Plaintiffs submitted in support of this Motion, *ex parte* (who have attested to the improper contacts by Doe Run's representatives, agents, and/or employees) be maintained *under seal*, ~~Plaintiffs' counsel respectfully submits, upon information and belief;~~ *however, redacted copies concealing the affiant's names must be served on opposing counsel.* ~~that such an Order is necessary and in the affiant's best interest in order to prevent disclosure to Doe Run representatives who may harass or retaliate against those persons who submitted affidavits.~~

(3) ~~Plaintiffs may take Rule 30(b)(6) depositions of one or more representatives of Defendants with knowledge and information, including documentation, related to the alleged improper contacts.~~

(2) Plaintiff must file unredacted copies of the motion, memorandum and exhibits (except the plaintiff's affidavits) in the open court file and to serve defense counsel with the same.

(3) Plaintiffs' counsel must serve copies of this order on defense counsel, by hand delivery, immediately.

IT IS FURTHER ORDERED THAT

The Court sets this matter for ~~expedited hearing on Plaintiffs' Motion for~~ a discovery and scheduling hearing

~~Preliminary/Permanent Injunction on~~ on Tuesday, January 17, 2011 at 10:30 (a.m)/~~p.m.~~ in Courtroom 14S.

SO ORDERED:

_____

The Honorable Catherine D. Perry
United States District Court Judge

Date: 1/10/11   @ 11:30 a.m.

5