UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SISTER KATE REID and MEGAN HEENEY as Next Friends of A.O.A., et al., K.G.C., et al., Y.V.R.V., et al., D.D.A.S., S.A.H., M.E.M., et al., W.Q.M., et al., J.P.I., R.H.P., et al., M.H., et al., and A.C.C.D., et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case Nos. 4:11-CV-00044CDP<br>4:11-CV-00045CDP<br>4:11-CV-00046CDP<br>4:11-CV-00047CDP<br>4:11-CV-00048CDP<br>4:11-CV-00049CDP<br>4:11-CV-00050CDP<br>4:11-CV-00052CDP<br>4:11-CV-00055CDP<br>4:11-CV-00056CDP<br>4:11-CV-00059CDP |
| Plaintiffs, | | |
| v. | | |
| DOE RUN RESOURCES CORPORATION, et al., | | |
| Defendants. | | JURY TRIAL DEMANDED |

***EMERGENCY EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS FROM MAKING IMPROPER *EX PARTE* CONTACTS WITH PLAINTIFFS**

COMES NOW Plaintiffs Sister Kate Reid and Megan Heeney, Next Friends of A.O.A., K.G.C., A.C.C.D., J.P.I., M.H., S.A.H., Y.V.R.V., D.D.A.S., M.E.M., R.H.P., and W.G.M., et al. (residents of the Republic of Peru) (hereinafter collectively referred to as "Plaintiffs"), by and through their counsel of record, and hereby make this *emergency* application pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for the issuance of a Temporary Restraining Order enjoining Defendants from making improper *ex parte* contacts with plaintiffs.[1]  This Application is made *without notice to Defendants or their counsel* and with request for immediate issuance of a restraining order because Plaintiffs have reason to believe that the ongoing attempts to coerce Plaintiffs into dismissing their claims in the instant case and similar improper conduct could escalate.

---

[1] Plaintiffs' requested relief from this Court for the issuance of a restraining order does not in any way constitute a waiver of Plaintiffs' right to contest Defendants' removal of this action. However, in light of Defendants' recent removal of this case, this is the only forum currently available that may address Plaintiffs' concerns.

This application is based on the history of the ongoing attempts by the Defendants, or agents acting on their behalf, to coerce clients of the undersigned who have been affected by toxic exposures from Defendants' lead smelter in La Oroya, into dismissing their claims against the Defendants.  The instant Application for Temporary Restraining Order is supported by Affidavits of clients of the undersigned.  Given the seriousness of the conduct and the gravity of the possible consequences stemming from such conduct, Plaintiffs request the Court in the instant case to enter an Order precluding Defendants and their agents from engaging in similar coercive tactics against Plaintiffs and Plaintiff's counsel and staff in LaOroya.

On November 15, 2010, Plaintiffs' counsel traveled to La Oroya with other attorneys who also represent similarly situated children who have been injured by toxic exposures from Defendants' lead smelter in La Oroya. The purpose of that trip was to meet with clients of the undersigned, including Plaintiffs, about the pending litigation. An initial meeting was planned for November 15, 2010, and additional meetings with the clients were scheduled for November 16 and 17. However, as a result of Defendants' intimidation tactics, these meetings were not possible. See Affidavit of Kristine Kraft, attached as Exhibit A to Plaintiffs' Memorandum in Support. The threats and intimidation have been especially threatening toward Archbishop Pedro Barreto, who has spoken out in favor of these lawsuits proceeding in the United States. Id.; "The gas chamber with a view on the Andes," Nov. 20, 2010 interview with Archbishop Pedro Barreto, attached as Exhibit B to Plaintiffs' Memorandum in Support; "Peruvian archbishop reports harassment at news conference over smelter," Nov. 25, 2010 interview with Archbishop Pedro Barreto, attached as Exhibit C to Plaintiffs' Memorandum in Support.[2]

---

[2] While the article suggests that Plaintiffs' counsel called a news conference in La Oroya, this is incorrect. Plaintiffs' counsel intended only a group meeting with their clients, however, the meeting was instead viewed by the public as a news conference, due to public announcements that Doe Run operatives and others intended to arrange an organized demonstration at the meeting. See Exhibit A to Plaintiffs' Memorandum in Support.

2

The threats have been relentless against Plaintiffs and clients of the undersigned since the November trip, as well as against Plaintiffs' counsel and staff in La Oroya. Parents of Plaintiffs and similarly situated clients have been victims of constant verbal and physical threats by Doe Run workers and their relatives, including threats that that the aggressors will "burn" them, cut their faces, throw stones at them, remove them from the city, and physical violence on the clients' pets. The aggressors have threatened that they will kill the plaintiffs when they learn their names. The threats have caused the clients to fear for their physical safety and their lives, as well as those of their families. As a result of these threats, Plaintiffs and children of the clients cannot play outside in their yards, as they are unsafe there. See Exhibit D, affidavits of thirteen clients of the undersigned, attached hereto, filed under seal.

Plaintiffs' counsel's colleagues and staff in La Oroya have also been victims of continuous threats and intimidation tactics. Rosario Galarza, Plaintiffs' counsel's assistant in Plaintiffs' counsel's La Oroya office, has been threatened verbally and physically since she began working with Plaintiffs' counsel. She has received verbal threats and intimidation in the market, park, and other places in La Oroya, however, the most concerning attacks have been more aggressive and more direct and include attacks on her home and the office where she represents Plaintiffs in La Oroya. See Affidavit of Rosario Renee Galarza Roque, attached as Exhibit E to Plaintiffs' Memorandum in Support; Police Reports, attached as Exhibit F to Plaintiffs' Memorandum in Support. The attacks on the office have resulted in the owner of the building in which the office is located requesting that Plaintiffs' counsel and their assistants vacate the property and end their lease. See letter from Landlord attached as Exhibit G to Plaintiffs' Memorandum in Support.

By way of background, in October 2007, a group of clients of the undersigned sued Defendants in a similar case filed originally in the Circuit Court for the City of St. Louis. Shortly thereafter, in December 2007, the undersigned became aware that Doe Run representatives and/or agents acting on their behalf had been confronting groups of families whose fathers are employed by Doe Run, insisting that the parents of the minor children take formal steps to withdraw from the litigation and refrain from pursuing their legal rights to obtain recovery for their children's injuries sustained from lead poisoning caused by Doe Run's smelter. In addition, Doe Run began offering a monetary payment or relocation, but again on the condition that the clients of the undersigned not pursue their legal remedies in that case. All such contacts were in the nature of private confrontations among the clients' families, *without the knowledge of the undersigned.* As a result, in that case, the clients obtained a temporary restraining order on December 4, 2007, restraining Doe Run, their agents, representatives, and employees from making improper *ex parte* contacts with those clients.[3]

The conduct at issue has also included instances where family members of clients of the undersigned (usually fathers of the children) who were employees of Doe Run were threatened by Doe Run with losing their jobs or other adverse employment actions if they failed to agree to withdraw from the pending litigation. See Declaration of Attorney Victor Careaga attached as Exhibit G to the Memorandum in Support of this Motion. In many cases, clients of the undersigned have advised counsel in the past that they are inclined or compelled to comply with

---

[3] That TRO was issued by Judge Catherine Perry in a case styled Sister Kate Reid, et al. v. Doe Run Resources Corporation, et al., Cause No. 4:08-CV-00525, which was subsequently dismissed without prejudice on August 5, 2008. That TRO is thus not effective with regard to these Plaintiffs and the issuance of a duplicative order is necessary in this case to protect Plaintiffs' interests. A copy of that TRO, Order Enjoining Defendants From Making Improper *Ex Parte* Contacts with Plaintiffs, is attached to the Memorandum in Support of this Motion as Exhibit "J".

4

Doe Run's propositions and Plaintiffs' counsel received a written request by one family to withdraw from the litigation.  <u>See</u> client's letter, attached to Exhibit G.

The intimidation tactics used by Doe Run continued and were again evident when a team of television producers and reporters visited La Oroya during the summer months of 2008 while documenting the extreme environmental contamination there and the plight of its citizens.  On multiple occasions, Doe Run security guards stopped the team and attempted to prevent their filming, despite official permission from the Peruvian Government to film in La Oroya.  Ultimately, one of the cameramen was attacked by an unidentified person.  <u>See</u> the video "La Oroya: A Poisoned Town, A Billionaire's Profit", attached as Exhibit I to the Memorandum in Support of this Motion (specifically, minutes 11:58 through 13:55).

As such, immediate and irreparable injury to Plaintiffs will continue to occur due to Defendants' conduct of coercing Plaintiffs into dismissing their claims in this case and to forego their legal rights and remedies, all in complete derogation of Plaintiffs' right to counsel.

For the reasons stated herein, the issuance of a Temporary Restraining Order is proper in this case.  Plaintiffs seek an Order enjoining Defendants, including their agents, employees, and any other persons acting in concert or participation with them from privately confronting Plaintiffs and their families, as well as Plaintiffs' counsel and staff with such intimidation and harassing tactics regarding the subject matter of this case.  The specific acts which Plaintiffs request be immediately restrained are set forth in the Proposed Temporary Restraining Order, a copy of which is attached as Exhibit K to the accompanying Memorandum in Support of this Motion.

Plaintiffs further request that the Court expedite the Preliminary/Permanent Injunction Hearing and to enter an Order expediting discovery in aid of the Injunction Hearing, to include

an Order allowing Plaintiffs to take Rule 30(b)(6) depositions of one or more representatives of Defendants who have knowledge and information related to the allegations of improper contacts.

The bases for the present application are set forth fully in the accompanying Memorandum in Support of this Motion, as well as the evidentiary support attached thereto, which includes the Declarations of attorneys Kristine Kraft, and Victor Careaga, Plaintiffs' counsel's assistant, Rosario Galarza, affidavits of the undersigned's clients who have been improperly contacted by these Defendants[4], videos and photos depicting the intimidation tactics of Defendants, police reports regarding attacks on Plaintiffs' counsel's La Oroya office, and a letter from the owner of the office building, asking Plaintiffs' counsel to vacate the office. Moreover, as evident from the accompanying Memorandum, it is highly unlikely that Defendants will suffer harm or damages due to the entry of the requested injunction, and therefore, Plaintiffs request the Court to issue an order waiving the requirement to post security, under Rule 65(c) in support of Plaintiffs' request for injunctive relief.

---

[4] The affidavits include persons who are similarly situated to the instant Plaintiffs but who are not named in the instant cases. Many of these persons had minor children who were named in the initial lawsuit against Doe Run, styled A.A.Z.A., et al. v. Doe Run Resources, et al., Case No. 0722-CC-08582, which has now been dismissed. Plaintiffs have filed simultaneously herewith a Motion to File the Affidavits Under Seal and *Ex Parte* with the Court in order to protect those families from further harassment and intimidation by Doe Run.

Respectfully submitted,

SCHLICHTER, BOGARD & DENTON

By:    /s/Kristine K. Kraft
ROGER C. DENTON  #137009
KRISTINE K. KRAFT  #22438
ELIZABETH WILKINS #61284
100 South 4th Street, Suite 900
St. Louis, MO 63102
(314) 621-6115
(314) 621-7151 (fax)
rdenton@uselaws.com
kkraft@uselaws.com
ewilkins@uselaws.com
Of Counsel:
JAY HALPERN and ASSOCIATES, P.A.
JAY HALPERN #260576 (Fla.)
VICTOR CAREAGA #624869 (Fla.)
150 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
(305) 445-1111
(305) 445-1169 (fax)

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 10th day of January, 2011, a copy of the foregoing document was filed with the Clerk of the Court to be served upon counsel of record via the Court's ECF system.

                                             /s/Kristine K. Kraft